**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4368**

———————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

TODRICK LAVONE QUICK,

                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.    Thomas David
Schroeder, District Judge.   (1:10-cr-00333-TDS-1)

———————

Submitted:  September 29, 2011      Decided:  October 12, 2011

———————

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

———————

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

———————

James E. Quander, Jr., QUANDER & RUBAIN, P.A., Winston-Salem,
North Carolina, for Appellant.  Randall Stuart Galyon, OFFICE OF
THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Todrick Lavone Quick pleaded guilty, pursuant to a plea agreement, to one count of distribution of eighty-five grams of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2006), and one count of carrying and using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2006). The district court sentenced Quick to a cumulative term of 180 months in prison.

Quick now appeals, claiming that the district court erred when it failed to apply the provisions of the Fair Sentencing Act of 2010 (FSA) in imposing his sentence. Quick has filed a motion, with the consent of the Government, to remand to the district court for resentencing in accordance with the amendments wrought by the FSA. We grant the motion. Accordingly, we affirm Quick's conviction, but we vacate Quick's sentence and remand the case to the district court to permit resentencing. By this disposition, however, we do not indicate a view as to whether the FSA is applicable to a defendant like Quick whose offense conduct occurred before the effective date

of the FSA, but who was sentenced after that date.  We leave that determination in the first instance to the district court.[*]

AFFIRMED IN PART,VACATED
IN PART,AND REMANDED

---

[*] We note that at Quick's sentencing hearing, counsel for the defendant unsuccessfully argued for application of the FSA. Nevertheless, in light of the Attorney General's revised view on the retroactivity of the FSA, as well as the development of case law on this point in other jurisdictions, we think it appropriate, without indicating any view as to the outcome, to accord the district court an opportunity to consider the matter anew.